ELECTRONICALLY FILED
Garland County Circuit Court
Jeannie Pike, Garland Co. Circuit Court Clerk
2022-Feb-17 15:43:03
26CV-22-163
C18ED01 : 11 Pages

## IN THE CIRCUIT COURT OF GARLAND COUNTY, ARKANSAS
## CIVIL DIVISION

TERESA LYNN WILLIAMS, AS SPECIAL
ADMINISTRATRIX OF THE ESTATES
OF LINDA LEE HALL AND JOHN MAC HALL,
DECEASED                                                                          PLAINTIFF

vs.                             No. _____

ROBERTS TRUCKING, LLC OF NEW ALBANY,
MS: DAVID TYRONE BRAMLETT and
JOHN DOES 1-4                                                                     DEFENDANTS

# COMPLAINT

Comes Plaintiff, Teresa Lynn Williams, as Special Administratrix of the Estates of Linda Lee Hall and John Mac Hall, deceased, by her attorney, Stephen L. Curry, and states the following for her Complaint against Defendants Roberts Trucking, LLC of New Albany, MS, David Tyrone Bramlett and John Does 1 through 4, states as follows:

## I.
## PARTIES

1.  Plaintiff, Teresa Lynn Williams, the daughter of Linda Lee Hall and John Mac Hall, is the duly appointed Special Administratrix of the Estate of Linda Lee Hall pursuant to Garland County Circuit Court, Probate Division, Case No. 26PR-22-110. A copy of the Order Appointing Special Administratrix filed on February 15, 2022, in this estate is attached hereto as Exhibit A. The Letters of Administration issued by the Clerk in this estate, are attached hereto as Exhibit B. Plaintiff is also appointed Special Administratrix of the Estate of John Mac Hall pursuant to Garland County Circuit Court, Probate Division, Case No. 26PR-22-111. A copy of the Order Appointing Special

1

Administratrix filed on February 16, 2022, in this estate is attached hereto as Exhibit C. The Letters of Administration issued by the Clerk in this estate, are attached hereto as Exhibit D. The referenced probate filings attached as exhibits hereto and are incorporated and realleged herein.

2. Plaintiff brings this claim on behalf of the Estates of Linda Lee Hall and John Mac Hall, deceased, pursuant to the Arkansas Survival of Actions Statute (Ark. Code Ann.§16-62-101) and the Arkansas Wrongful Death Act (Ark. Code Ann. §16-62-102).

3. Linda Lee Hall and John Mac Hall were residents of Garland County, Arkansas at the time of the accident at issue in this case, and at the time of their ultimate deaths.

4. Defendant Roberts Trucking, LLC of New Albany, MS (hereinafter "Roberts Trucking"), is a foreign for-profit limited liability company, registered to do business in Mississippi, and doing business in Arkansas. Defendant's principal place of business is located at 1203 West Bankhead Street, New Albany, MS 38652.

5. Defendant Roberts Trucking operates as a motor carrier, as defined in the Federal Motor Carrier Safety Regulations, and has been assigned MC Number 473534, and USDOT Number 1186417. As such, Defendant Roberts Trucking must comply with all applicable Federal Motor Carrier Safety Regulations.

6. Defendant Roberts Trucking has filed a BOC-3 Form with the Federal Motor Carrier Safety Administration pursuant to 49 U.S.C. §1303(a) and §1304(a) and FMCSA §366.1, *et seq.* Pursuant to such filing, Roberts Trucking has designated Interstate Authority, LLC as its blanket service agent, with David McCreery, 3700

2

Cantrell Road, Suite 205, Little Rock, AR 72202 specified for service for claims in Arkansas.

7. Upon information and belief, Defendant David Tyrone Bramlett (hereinafter "Defendant Bramlett") was at all times relevant a citizen and resident of Blue Springs, Union County, MS, and is believed to reside at 1949 CR 121, Blue Springs, MS 38828

8. At the time of the events described herein, Defendant Bramlett was working within the scope of his employment with Defendant Roberts Trucking.

9. At the time of the events described herein, Defendant Bramlett was an employee of Defendant Roberts Trucking as defined by Federal Motor Carrier Safety Regulation 390.5.

10. Defendants John Does 1, 2, 3 and 4 are individuals that negligently operated and maintained the tractor and trailer owned by Defendant Roberts Trucking and operated by Defendant Bramlett, and/or individuals that negligently hired, supervised, trained, educated, set policy, created policies, enforced policies or otherwise directed Defendant Bramlett and/or any individual that negligently operated the tractor and trailer that hit the vehicle occupied by Linda Lee Hall and John Mac Hall. An Affidavit of Counsel pursuant to Ark. Code Ann. §16-56-125 is submitted herein.

## II.
## JURISDICTION AND VENUE

11. This is a negligence case which arises from a motor vehicle collision that occurred on February 18, 2019, on Interstate 30 in Hempstead County, Arkansas.

3

12. This Court has jurisdiction of the subject matter of this cause of action pursuant to Ark. Code. Ann. §16-13-201(a).

13. Venue is proper in Garland County Circuit Court pursuant to Ark. Code Ann. §16-60-101, which provides that an action for damages for personal injury may be brought in the county where the person injured resided at the time of the injury.

## III.
## FACTUAL ALLEGATIONS

14. On February 18, John Mac Hall was lawfully operating his 2004 Ford Expedition vehicle on I-30 in Hempstead County west of the 33 mile marker heading eastbound. His wife, Linda Lee Hall was a passenger in vehicle.

15. At the same time, Defendant Bramlett was driving a 2014 Freightliner tractor/trailer owned by Defendant Roberts Trucking and was likewise heading eastbound on I-30 directly behind the Hall vehicle.

16. Defendant Bramlett was, at the time of the incident, performing his duties for Defendant Roberts Trucking, and was in the course and scope of his employment/agency with Defendant Roberts Trucking.

17. The tractor/trailer driven by Defendant Bramlett failed to yield to the Hall vehicle and struck the rear of the Hall vehicle at a high rate of speed, causing the Hall vehicle to travel 325 feet on the roadway, and then to exit the roadway and travel another 142 feet where it struck a tree located outside the right-of-way. After this impact with the Hall vehicle, the tractor/trailer operated by Defendant Bramlett traveled another 415 feet before coming to a rest facing east.

18.  The Hall vehicle, and its occupants, suffered a serious impact causing the vehicle's air bags to deploy. Emergency responders extricated the Halls from the vehicle, and they were transported to hospitals for emergency care.

19.  This accident was investigated by the Arkansas State Police and Defendant Bramlett was cited for following too close

20.  As a result of the incident, the Halls suffered serious and prolonged life-threatening injuries. Based upon injuries suffered in this incident, John Mac Hall never recovered and died on April 13, 2019. Linda Lee Hall also suffered serious and prolonged life-threatening injuries from the incident, did not recover, and died on August 31, 2021.

21.  The acts of negligence by Defendants caused the incident described herein and were the proximate cause of the injuries and damages sustained by Linda Lee Hall and John Mac Hall, and damages now sought by Plaintiff in this case.

## IV.
## NEGLIGENCE OF DEFENDANT BRAMLETT

22.  Plaintiff hereby restates and realleges each of the allegations set forth in paragraphs 1- 21 above.

23.  Defendant Bramblett was negligent in the following particulars:

(a)  Driving in such a careless manner as to evidence a failure to keep a proper lookout for other traffic, in violation of Ark. Code Ann . §27-51 -104(a);

(b)  Driving in such a careless manner as to evidence a failure to maintain proper control, in violation of Ark. Code Ann. §27-51-104(a), (b)(6) & (b)(8);

(c)  Driving at a speed greater than was reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing, in violation of Ark. Code Ann. §27-51-201 (a)(l);

(d) Operating a vehicle in such a manner which would cause a failure to maintain control, in violation of Ark. Code Ann. §27-51-104(b)(6);

(e) Driving in a manner that was inattentive and such inattention was not reasonable and prudent in maintaining vehicular control, in violation of Ark. Code Ann. §27-51-104(b)(8);

(f) Failing to keep a lookout for other forward vehicles, in violation of the common law of Arkansas;

(g) Failing to keep the vehicle under control, in violation of the common law of Arkansas;

(h) Failing to drive at a speed no greater than was reasonable and prudent under the circumstances, having due regard for any actual or potential hazards, in violation of the common law of Arkansas;

(i) Operating a commercial motor vehicle without the required knowledge and skills to do so safely;

(j) Failing to pay attention and to recognize a hazard and drive so as to prevent the hazard from turning into an emergency.

(k) Otherwise failing to exercise ordinary care under the circumstances.

24. At all relevant times, Defendant Bramlett was a driver or operator of "commercial motor vehicle" as defined by 49 C.F.R. parts 382 *et seq.* of the Federal Motor Carrier Safety Regulations. The federal regulations imposed certain mandatory duties and prohibitions upon Defendants to ensure that in driving a commercial motor vehicle he conducted himself in a manner that protected public health, safety and welfare.

25. Defendant Bramlett violated the Federal Motor Carrier Safety Regulations, as adopted by the Arkansas State Highway Commission Regulations, including but not limited to a violation of §392.2 in failing to operate a commercial vehicle in accordance

with the laws, ordinances, and regulations of the State of Arkansas as set forth above.

26. A reasonably careful person, operating a commercial motor vehicle under similar circumstances, would foresee that the failures in duties of care listed above would result in devastating injuries, including possible death, to other persons traveling on public highways like Plaintiffs.

27. As a direct and proximate result of such grossly negligent, willful, wanton, reckless, malicious and/or intentional conduct, Plaintiff asserts a claim for judgment for all compensatory and punitive damages against Defendant as alleged herein.

## V.
## NEGLIGENCE OF DEFENDANT ROBERTS TRUCKING

28. Plaintiff hereby restates and realleges each of the allegations set forth in paragraphs 1- 27 above.

29. Defendant Bramlett was an employee and/or agent of Defendant Roberts Trucking at all times relevant to this action pursuant to 49 C.F.R. §390.

30. The negligent acts and omissions of Defendant Bramlett as alleged herein are imputed to Defendant Roberts Trucking, as the employer/principal, under the legal doctrines of respondeat superior, joint enterprise, and/or the principles of agency under Arkansas law.

31. Defendant Roberts Trucking additionally failed to properly train, monitor and supervise Defendant Rice in the safe operation of a tractor trailer truck in keeping a proper lookout for other vehicles and when approaching hazards.

32. As a direct and proximate result of such grossly negligent, willful, wanton,

reckless, malicious and/or intentional conduct, Plaintiff asserts a claim for judgment for all compensatory and punitive damages against Defendant as alleged herein.

## VI.
## WRONGFUL DEATH

33. Paragraphs 1 through 32 are incorporated by reference herein.

34. This action arises under the common law of the State of Arkansas, and the Arkansas Wrongful Death Act (Ark. Code Ann. §16-62-102, et seq.) and is brought on behalf of the statutory heirs of Linda Lee Hall and John Mac Hall, now deceased.

35. The actions and inactions of the Defendants which caused the wrongful death of Linda Lee Hall and John Mac Hall are as set forth in this Complaint, the content of which is incorporated herein by reference.

36. Both Linda Lee Hall and John Mac Hall suffered personal injury including excruciating pain and suffering, mental anguish, and emotional distress which caused their family to suffer more than normal grief during their care and upon their death. Plaintiff prays for compensatory damages against Defendants for the wrongful death of Linda Lee Hall and John Mac Hall, including the grief suffered, and the expenses of funeral and other related costs.

37. The damages suffered were all proximately caused by Defendants' acts of negligence complained of herein.

## VII.
## DAMAGES

38. Plaintiff re-alleges and incorporates the allegations in Paragraphs 1 – 37 are incorporated by reference herein.

39. As a direct and proximate result of the negligence, actions and inactions of Defendants as set out above, Linda Lee Hall and John Mac Hall suffered injuries and damages including, but not limited to, significant medical expenses, payments to alternate caregivers, pain and suffering, hospitalization, emotional distress, disfigurement, degradation, mental anguish, disability, unnecessary loss of personal dignity, loss of life and related expenses.

40. Plaintiff seeks compensatory damages against Defendants in an amount to be determined by the jury; for an amount in excess of that necessary to establish jurisdiction under federal diversity statutes; and all other relief to which Plaintiff is entitled.

41. For punitive damages sufficient to punish Defendants for egregious and malicious misconduct in reckless disregard and conscious indifference to the consequences to Linda Lee Hall and John Mac Hall and their statutory beneficiaries and to deter Defendants and others from repeating such misconduct.

42. As a proximate result of the actions of Defendants, Linda Lee Hall and John Mac Hall suffered a wrongful and untimely death. Teressa Lynn Williams, as Special Administratrix of the Estate of Linda Lee Hall and John Mac Hall, is entitled to damages on behalf of the Estate for the reasonable value of funeral expenses, medical bills and

other costs. Additionally, the Estate is entitled to damages sustained by the statutory heirs and wrongful death beneficiaries of Linda Lee Hall and John Mac Hall as provided by law.

43. Plaintiff seeks a trial by jury of all issues triable by a jury.

## VIII.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Teresa Lynn Williams, as Special Administratrix of the Estates of Linda Lee Hall and John Mac Hall, and on behalf of the wrongful death beneficiaries of Linda Lee Hall and John Mac Hall, prays for judgment against Defendants as follows:

1. For damages in an amount adequate to compensate Plaintiff and the Estate for the injuries and damages sustained, and in an amount in excess of that required for diversity of citizenship jurisdiction under federal law;

2. For all general, special, compensatory, and punitive damages caused by the alleged conduct of Defendants;

3. For costs of litigating this case, including attorney fees and costs;

4. For all other relief to which Plaintiff is entitled.

Respectfully submitted.

/s/ Stephen L. Curry

Stephen L. Curry (ABN 81041)
P.O. Box 23451
Little Rock, AR 72224
Tel:  (501) 658-5488
Fax:  (866) 913-9863
scurry@aristotle.net

Case 6:22-cv-06067-SOH  Document 3  Filed 06/21/22  Page 12 of 13 PageID #: 37

ELECTRONICALLY FILED
Garland County Circuit Court
Jeannie Pike, Garland Co. Circuit Court Clerk
2022-Feb-17 15:43:03
26CV-22-163
C18ED01 : 2 Pages

## IN THE CIRCUIT COURT OF GARLAND COUNTY, ARKANSAS
## CIVIL DIVISION

TERESA LYNN WILLIAMS, AS SPECIAL
ADMINISTRATRIX,                                                          PLAINTIFF

vs.                             No. _____

ROBERTS TRUCKING, LLC OF NEW ALBANY, MS, et al

STATE OF ARKANSAS   )
                    )
COUNTY OF PULASKI   )

### AFFIDAVIT OF COUNSEL

Before the undersigned Notary Public, duly commissioned and acting within the County and State aforesaid, appeared Stephen L. Curry, Attorney at Law, who stated the following under oath:

I am an attorney licensed in the State of Arkansas. I represent Teresa Lynn Williams, as Special Administratrix of the Estates of Linda Lee Hall and John Mac Hall, in her action against Defendants Roberts Trucking, LLC of New Albany, MS, David Tyrone Bramlett and John Does 1 through 4.

This affidavit is filed in support of the complaint pursuant to Ark. Code Ann. §16-56-125.

Defendants John Does 1, 2, 3 and 4 are individuals that negligently operated and maintained the tractor and trailer owned by Defendant Roberts Trucking and operated by Defendant Bramlett, and/or individuals that negligently hired, supervised, trained, educated, set policy, created policies, enforced policies or otherwise directed Defendant Bramlett and/or any individual that negligently operated the tractor and trailer that hit the vehicle occupied by Linda Lee Hall and John Mac Hall.

It is my belief that there are tortfeasors (persons, firms or corporations) as described herein whose identity is currently unknown and for which I believe a cause of action may lie for personal injury which was the proximate cause of the damages of Linda Lee Hall, John Mac Hall, and the beneficiaries of the Estate, and that the same could not have reasonable been discovered prior to the filing of the complaint in this matter.

Despite diligent efforts, Plaintiff is currently unable to identify any of these unknown defendants but whose identity may be disclosed upon further investigation. Said Defendants are named pursuant to Arkansas Code Ann. §16-56-125, as their acts and omissions were negligent, tortious or otherwise wrongful with respect to the injuries of Linda Lee Hall, John Mac Hall, and the beneficiaries of the Estate.

Further affiant sayeth not.

Stephen L. Curry (ABN 81041)
Attorney for Teresa Lynn Williams,
Special Administratrix of the Estate of
Linda Lee Hall and John Mac Hall

SUBSCRIBED and sworn to me before this 17th day of February, 2022.

Notary Public

My Commission Expires:

6-24-2031

CHRISTINA DOUGLAS
Notary Public-Arkansas
Pulaski County
My Commission Expires 06-24-2031
Commission # 12383144